IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GUSTAVO DE LA ROSA, §
§
    Movant, §
§
§
VS. § NO. 4:08-CV-249-A
§ (No. 4:05-CR-186-A)
UNITED STATES OF AMERICA §
§
    Respondent. §

## MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Gustavo De La Rosa ("De La Rosa") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the record, and applicable legal authorities, the court concludes that the motion should be denied.

### I.

### Background

On December 9, 2005, De La Rosa was named with a single count Information charging him with illegal reentry after deportation subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2), and 6 U.S.C. §§ 202(3) and (4) and 557.[1] On December 23, 2005, De La Rosa pleaded guilty to the Information without a plea agreement, and the court sentenced him to one hundred twenty months' imprisonment and a three-year term of supervised release. The Court of Appeals for the Fifth Circuit

---

[1] On December 23, 2005, De La Rosa signed a waiver of indictment and consented to proceed by Information.

affirmed De La Rosa's conviction, and in January of 2008 the United States Supreme Court denied De La Rosa's petition for writ of certiorari. De La Rosa timely submitted his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255.[2]

II.

## Grounds of the Motion

De La Rosa asserts two grounds for relief: (1) ineffective assistance of counsel, apparently due to counsel's failure to object to the indictment or to 8 U.S.C. § 1326(a) and (b)(2), and sixth amendment; and (2) the probation officer violated 8 U.S.C. § 1326(a) and (b)(2), and sixth amendment. The petition contains no factual allegations as to any of De La Rosa's claims.

III.

## Legal Standard

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937

---

[2] § 2255 requires that a petition for writ of habeas corpus be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. Here, that date was January 7, 2008.

F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

IV.

Analysis

To prevail on an ineffective assistance of counsel claim, movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689.

De La Rosa appears to assert that both his attorney and the

probation officer failed to object to 8 U.S.C. § 1326(a) and (b)(2). However, his attorney did file objections to the presentence report in which he objected to the application of 8 U.S.C. § 1326(a) and (b)(2), in order to preserve the issue for appeal.[3] Regardless of whether any objections were made, however, the papers on file in this case demonstrate that De La Rosa's petition is without merit. Pursuant to 8 U.S.C. § 1362(a) and (b)(2), an alien who has been deported subsequent to a conviction for an aggravated felony, and subsequently reenters the country without permission, may be imprisoned for not more than twenty years. De La Rosa was deported on January 25, 1995, subsequent to his conviction for aggravated assault with a deadly weapon. The court is satisfied that the facts support the conclusion that De La Rosa committed an aggravated felony, and the provisions of 8 U.S.C. § 1362(a) and (b)(2) were applied correctly.

De La Rosa's remaining claims - that his attorney failed to object to the indictment and a "sixth amendment" claim - are not cognizable because he fails to provide any factual allegations in support of these claims. These grounds for relief are, at best, mere conclusory allegations, which do not raise any constitutional issues. Collier v. Cockrell, 300 F.3d 577, 587 (5th Cir. 2002); United States v. Woods, 870 F.2d 285, 288 n.3 (5th Cir. 1989). Absent a "specific showing of how these alleged

---

[3]De La Rosa's counsel recognized that any challenge to the application of 8 U.S.C. § 1326 is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998). Counsel filed his objections to preserve the issue in the event the Supreme Court overturns Almendarez-Torres.

4

errors and omissions were constitutionally deficient, and how they prejudiced [movant's] right to a fair trial," such conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel. <u>Barnard v. Collins</u>, 958 F.2d 634, 642 n. 11 (5th Cir. 1992). De La Rosa has not presented anything in his motion as would entitle him to any relief.

V.

ORDER

For the reasons discussed above,

The court ORDERS that De La Rosa's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED May 27, 2008.

JOHN McBRYDE
United States District Judge